IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **VALTRUS INNOVATIONS LTD.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:22-cv-00020-O |
| | § | |
| **GOOGLE, LLC,** | § | |
| | § | |
| Defendant. | § | |

# ORDER

After a review of Plaintiff's Complaint for Patent Infringement, it appears venue is more proper in the Dallas Division. First, Plaintiff alleges that Defendant's place of business in this District is in Ellis County, Texas at 3800 Railport Parkway, Midlothian, Texas 76965. Plaintiff further alleges Defendant is preparing to open a Google Cloud location in Dallas, Texas. Plaintiff also alleges Defendant's existing and future facilities, both in the Dallas Division, "includes the infringing systems and practices the infringing methods" Plaintiff complains of in this lawsuit. Finally, Plaintiff's patent predecessor in interest is located in Plano, Texas, which is in the Eastern District of Texas, and is closer to the Dallas courthouse.

Title 28, Section 1404 of the United States Code authorizes a district court to "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice." After considering the private and public interest factors, the Court finds it is in the interests of justice and judicial economy to transfer this case. The most significant acts alleged by Plaintiff occurred in the Dallas Division, Plaintiff has only made a general and nonspecific allegation that acts occurred in the Fort Worth Division, and

Plaintiff's place of business is closer to the Dallas courthouse. Accordingly, the Court **TRANSFERS** this action to the Dallas Division of the Northern District of Texas.

**SO ORDERED** on this **11th day** of **January, 2022**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**