IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALTRUS INNOVATIONS LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-0066-N |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

# PROTECTIVE ORDER

**Proceedings and Information Governed.**

1. This Order ("Protective Order") is made under Fed. R. Civ. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other documents or things produced, given or filed in this action that are designated by a party as "Confidential Information," "Confidential Attorney Eyes Only Information" or "Confidential Source Code Information" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information. "Protected Material" in this Order shall mean any disclosure or discovery material that is designated as

"Confidential Information," as "Confidential Attorney Eyes Only Information," or as "Confidential Source Code Information."

**Designation and Maintenance of Information.**

2. For purposes of this Protective Order, (a) the "Confidential Information" designation means that the document is comprised of trade secrets or commercial information that is not publicly known and is of technical or commercial advantage to its possessor, in accordance with Fed. R. Civ. P. 26(c)(1)(G), or other information required by law or agreement to be kept confidential, (b) the "Confidential Attorney Eyes Only Information" designation means that the document is comprised of information that the producing party deems especially sensitive, which may include, but is not limited to, confidential research and development, financial, technical, marketing, or any other sensitive trade secret information, or information capable of being utilized for the preparation or prosecution of a patent application dealing with such subject matter, and (c) the "Confidential Source Code Information" designation means that the information or items are comprised of extremely sensitive information representing computer code and associated comments and revision histories, formulas, engineering specifications containing source code or pseudo code, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another party or nonparty would create a substantial risk of serious harm that could not be avoided by less restrictive means. Confidential Information, Confidential Attorney Eyes Only Information, and Confidential Source Code Information do not include, and this

Protective Order does not apply to, information that is already in the knowledge or possession of the party to whom disclosure is made unless that party is already bound by agreement not to disclose such information, or information that has been disclosed to the public or third persons in a manner making such information no longer confidential.

3. Documents and things produced during the course of this litigation within the scope of paragraph 2(a) above, may be designated by the producing party as containing Confidential Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(b) above may be designated by the producing party as containing Confidential Attorney Eyes Only Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION**
**SUBJECT TO PROTECTIVE ORDER**

Documents and things produced during the course of this litigation within the scope of paragraph 2(c) above may be designated by the producing party as containing Confidential Source Code Information by placing on each page and each thing a legend substantially as follows:

**CONFIDENTIAL SOURCE CODE INFORMATION
SUBJECT TO PROTECTIVE ORDER**

A party may designate information disclosed at a deposition as Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information by requesting the reporter to so designate the transcript or any portion of the transcript at the time of the deposition. If no such designation is made at the time of the deposition, any party will have fourteen (14) calendar days after the date of the deposition to designate, in writing to the other parties and to the court reporter, whether any portion of the transcript is to be designated as Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information. If no such designation is made at the deposition or within this fourteen (14) calendar day period (during which period, the transcript must be treated as Confidential Attorney Eyes Only Information, unless the disclosing party consents to less confidential treatment of the information), the entire deposition will be considered devoid of Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information in a secure manner and appropriately identified so

as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

**Inadvertent Failure to Designate.**

4. The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature, or to stop the producing party from designating such information as confidential at a later date in writing and with particularity. The information must be treated by the receiving party as confidential from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations.**

5. A receiving party may challenge a producing party's designation at any time. Any receiving party disagreeing with a designation may request in writing that the producing party change the designation. The producing party will then have ten (10) business days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this ten (10) business day time-frame, and after the conference required under Local Rule 7.1(a), the receiving party may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order.

**Disclosure and Use of Confidential Information.**

6. Information designated as Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information may only be used for purposes of preparation, trial, and appeal of this action. Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information may not be used under any circumstances for prosecuting any patent application, for patent licensing, or for any other purpose. No Valtrus employees will receive Google information designated under this Protective Order. No counsel who appears in this matter will provide advice to the receiving party or its employees as to whether the producing party infringes any patents or patent applications that the receiving party is considering acquiring.

7. Subject to paragraph 10 below, Confidential Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) one (1) in-house counsel for the receiving party who is identified as such in writing to counsel for the designating party in advance of the disclosure;

(b) outside counsel for the receiving party;

(c) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying and litigation support services;

(d) Experts (as defined in paragraph 10) of the receiving party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Confidentiality Agreement" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 10 have been followed;

(e) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

(f) the Court and its personnel (under seal with other suitable precautions determined by the Court); and

(g) those individuals designated in paragraph 12.

8. Subject to paragraph 10 below, Confidential Attorney Eyes Only Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) outside counsel for the receiving party;

(b) supporting personnel employed by outside counsel, such as paralegals, legal secretaries, data entry clerks, legal clerks, private photocopying and litigation support services;

(c) Experts (as defined in paragraph 10) of the receiving party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the

"Confidentiality Agreement" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 10 have been followed;

(d) any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, translation services, court reporting services, demonstrative exhibit preparation, or the creation of any computer database from documents;

(e) the Court and its personnel (under seal or with other suitable precautions determined by the Court); and

(f) those individuals designated in paragraph 12.

9. Subject to paragraphs 13 and 14 below, Confidential Source Code Information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

(a) outside counsel for the receiving party;

(b) supporting personnel employed by outside counsel, to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Confidentiality Agreement" that is attached hereto as Exhibit A;

(c) up to seven (7) Experts (as defined in paragraph 10) of the receiving party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Confidentiality Agreement" (Exhibit A), and (3) as to whom the procedures set forth in paragraph 10 have been followed;

(d) the Court and its personnel (under seal or with other suitable precautions determined by the Court);

(e) stenographic reporters, videographers and their respective staff who have signed the "Confidentiality Agreement" (Exhibit B) and are transcribing or videotaping a deposition wherein Confidential Source Code Information is being discussed, provided that such reporters and videographers shall not retain or be given copies of any portions of the source code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production numbers; and

(f) while testifying at deposition or trial in this action only: any person who is authorized by the producing party to view the Confidential Source Code Information or has been designated to testify on behalf of the producing party as to a topic that implicates the Confidential Source Code Information, and any person who authored, previously received (other than in connection with this litigation), or was directly involved in creating, modifying, or editing the Confidential Source Code Information, as evident from its face or reasonably certain in view of other testimony or evidence. Persons authorized to view the Confidential Source Code Information pursuant to this sub-paragraph shall not retain or be given copies of the Confidential Source Code Information except while so testifying. Only printed copies of the source code will be provided by the producing party to testifying witnesses during their testimony with three (3) business days' notice from the receiving party. The producing party will also make printed copies of the source code available for use with witnesses during trial. Parties shall give the other Parties reasonable notice (a

minimum of two (2) business days) if they reasonably expect a deposition, hearing or other proceeding to include Confidential Source Code Information so that the other Parties can ensure that only authorized individuals who have signed the 'Acknowledgement and Agreement to Be Bound' (Exhibit A) are present at those proceedings. If Confidential Source Code Information is to be used during a deposition, the producing Party shall be permitted to specify the technology to be used to conduct the deposition with respect to that Confidential Source Code Information (e.g., for audio/video-conferencing and exhibits).

10. Further, prior to disclosing Confidential Information or confidential Attorney Eyes Only Information to a receiving party's proposed expert or consultant ("Expert"), the receiving party must provide to the producing party a signed Confidentiality Agreement in the form attached as Exhibit A, the resume or curriculum vitae of the proposed Expert, the Expert's business affiliation, and any current and past consulting relationships in the industry. "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a current employee of a party or of a party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a party or of a party's competitor.[1] The producing party will thereafter have ten (10) business days from receipt of the disclosure to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within

[1] If an Expert changes employers, this will be disclosed to the producing party in a timely manner.

ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may file a motion to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless that period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

11. Counsel is responsible for the adherence by third-party vendors to the terms and conditions of this Protective Order. Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit B.

12. Confidential Information or Confidential Attorney Eyes Only Information may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

(a) the information was previously received or authored by the person or was authored or received by a director, officer, employee or agent of the company for which the person is testifying as a designee under Fed. R. Civ. P. 30(b)(6);

(b) the person is the designating party, or is a director, officer, employee, consultant or agent of the designating party; or

(c) counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may otherwise be made

under and who are bound by this Protective Order, may be present during the disclosure or discussion of the Confidential Information or Attorney Eyes Only Information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

13. Procedures for Approving or Objecting to Disclosure of "Confidential Source Code Information" to Experts:

(a) Unless otherwise ordered by the Court or agreed to in writing by the designating party, a party that seeks to disclose to an Expert (as defined in paragraph 10) any information or item that has been designated "Confidential Source Code Information" must make a written request to the designating party[2] that (1) sets forth the full name of the Expert and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current resume, (3) identifies the Expert's current employer(s), (4) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[3] and

---

[2] For a designating party that is a nonparty, Experts previously disclosed and approved prior to the nonparty's production of any information or item that has been designated "Confidential Source Code Information" need not be disclosed to said nonparty unless such nonparty requests such information prior to the production of any Protected Material. Moreover, unless otherwise requested by the nonparty, subsequently disclosed experts need not be disclosed to the nonparty before that nonparty's Protected Material may be disclosed thereto.

[3] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the Expert shall be available to meet and confer with the designating party

(5) identifies (by name and number of the case, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) The producing party will thereafter have ten (10) business days from receipt of the disclosure to object to any proposed individual. The objection must be made for good cause and in writing, stating with particularity the reasons for the objection. Failure to object within ten (10) business days constitutes approval. If the parties are unable to resolve any objection, the receiving party may file a motion to resolve the matter. There will be no disclosure to any proposed individual during the ten (10) business day objection period, unless the period is waived by the producing party, or if any objection is made, until the parties have resolved the objection, or the presiding judge has ruled upon any resultant motion.

(c) In any such proceeding, the party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the Protected Material to its Expert.

**Confidential Source Code Information.**

14. To the extent production of source code becomes necessary in this case, a producing party may designate material as "Confidential Source Code Information" as defined in paragraph 2.

---

regarding any such engagement.

(a) Protected Material designated as "Confidential Source Code Information" shall be subject to all of the protections afforded to "Confidential Attorney Eyes Only Information" including the restrictions set forth in paragraph 6 and may be disclosed only as set forth in paragraph 9.

(b) Any source code produced in discovery shall only be made available for inspection, not produced except as set forth below, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at (1) a San Francisco-based office of the producing party or the producing party's outside counsel of record or (2) another mutually agreed upon location. Any location under (1) or (2) shall be within the United States. The source code shall be made available for inspection on at least three (3) secured computers (the "Source Code Computers") in a secured, locked room without Internet access or network access to other computers, and the receiving party shall not copy, remove, or otherwise transfer any portion of the source code onto any recordable media or recordable device. The Source Code Computers shall have disk encryption and be password protected. Use or possession of any input/output device (e.g., USB memory stick, mobile phone or tablet, camera or any camera-enabled device, CD, floppy disk, portable hard drive, laptop, or any device that can access the Internet or any other network or external system, etc.) is prohibited while accessing the computer containing the source code. All persons entering the locked room containing the source code must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items before they will be given access to the locked room. The Source

Code Computers will be made available for inspection during regular business hours, upon reasonable notice to the producing party, which shall not be less than three (3) business days in advance of the requested inspection. The producing party may not observe or track the substance of the receiving party's source code review, and may not install any keystroke or other monitoring software on the Source Code Computers.

(c) The producing party will produce the designated "Confidential Source Code Information" material in computer searchable format and in a file structure and format that mirrors the file structure and format of the Source Code as maintained by the producing party. The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the Source Code Computers in order to access the produced designated "Confidential Source Code Information" material. The receiving party may request that commercially available software tools for viewing and searching the designated "Confidential Source Code Information" material be installed on the Source Code Computers. Specific tools may include, but are not limited to, Notepad++, Slick Edit, Eclipse, Cygwin, Understand, Beyond Compare, XCode tools, Source-Navigator, PowerGrep, ExamDiffPro, Sigasi, UltraEdit, Graphviz, or other similar programs, schematic editors used for reviewing circuit schematics, such as LTSpice, and software programs that may be necessary to review RTL, HDL, and similar-type files. Other mutually agreed upon tools may be used. Should any such tools be requested and installed on the Source Code Computers, the receiving party must provide licensed copies of such tools to the producing party and the producing party must attempt to install those licensed

copies of mutually agreed upon tools on the Source Code Computers. If the producing party's good faith attempt to install additional software is successful on one of the Source Code Computers, the second stand-alone computer will be similarly updated within three (3) business days. The receiving party must provide the producing party with such licensed software tools at least five (5) business days before the date on which the receiving party wishes to have the additional software tools available for use on the Source Code Computer. If a mutually agreed upon software tool is available at no cost from an easily accessible and publicly available source, the receiving party must identify where the producing party may obtain the tool at least five (5) business days before the date on which it wishes to have the additional tool and the mutually agreed upon tool will be installed on the Source Code Computer by the producing party. The parties agree to meet and confer on any further specific format for reviewing the designated "Confidential Source Code Information" material, including any additional tools that may be requested. Except as otherwise provided herein or agreed in writing by the parties, in no event may tools be installed on the Source Code Computer that have the effect of altering, modifying, deleting, copying, or otherwise permitting the reproduction or removal of any designated "Confidential Source Code Information" material.

(d) The producing party shall make reasonable efforts to provide the receiving party's reviewers with a "breakout room" that is separate from the room containing the Source Code Computers, where said receiving party reviewers may keep their cellular phones, etc., and have access to the internet. Whenever the producing party is unable to

provide such a "breakout room," the reviewers will be permitted to keep their cellular phones and other personal electronics with them in the secure location so long as these devices are powered down and kept in a closed container.

(e) No person shall copy, e-mail, transmit, upload, download, print, photograph, or otherwise duplicate any portion of the designated "Confidential Source Code Information" material, except that the receiving party may request paper copies of limited portions of source code, but only if and to the extent reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial. The receiving party may not print more than 25 consecutive pages, or an aggregate total of more than 800 unique pages, of source code during the duration of the case without prior written approval by the producing party or a court order, except that the 25 consecutive page printing limit and the 800 unique page limit shall not apply to engineering specifications containing source code and versions of the engineering specifications with source code redacted must be concurrently produced. The source code may only be transported by the receiving party via hand carry or other similarly reliable courier. The receiving party shall not request paper copies for the purposes of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. Within five (5) business days or such additional time as necessary due to volume requested, the producing party will provide the requested material on watermarked or colored paper bearing Bates numbers and the legend "Confidential Source Code Information" unless objected to as discussed below. At the inspecting party's request, up to three (3) additional sets (or subsets) of printed source code

may be requested and provided by the producing party in a timely fashion. Even if within the limits described, the producing party may challenge the amount of source code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in paragraph 5.

(f) The receiving party shall maintain a record of any individual who has inspected any portion of the source code in electronic or paper form. The receiving party shall maintain all printed portions of the source code in a secured, locked area under the direct control of outside counsel responsible for maintaining the security and confidentiality of the designated materials. Any paper copies designated "Confidential Source Code Information" shall be stored or viewed only at (i) the offices of outside counsel for the receiving party, (ii) the offices of outside experts or consultants who have been approved to access source code; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Except as provided in subsection (i) of this section, the receiving party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. Any printed pages of source code, and any other documents or things reflecting source code that have been designated by the producing party as "Confidential Source Code Information" may not be copied, digitally imaged or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings as discussed below. Any paper copies used during a deposition shall be retrieved by the receiving

party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(g) The receiving party's outside counsel and/or Expert shall be entitled to take notes relating to the source code but may not copy any portion of the source code into the notes. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

(h) A list of names of persons who will view the source code will be provided to the producing party in conjunction with any written (including email) notice requesting inspection.

(i) Except as provided in this paragraph, the receiving party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code). The receiving party may create an electronic copy or image of limited excerpts of source code only to the extent necessary in a pleading, exhibit, expert report, discovery or contention document, deposition transcript, other Court document, or any drafts of these documents ("Source Code Documents"). The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used. Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein. The receiving party may

create an electronic image of a selected portion of the source code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of source code shall at all times be limited to individuals who are authorized to see source code under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "Confidential Source Code Information."

(j) To the extent portions of source code are quoted in a Source Code Document, either (1) the entire document will be stamped and treated as Confidential Source Code Information or (2) those pages containing quoted source code will be separately bound and stamped and treated as Confidential Source Code Information.

(k) The receiving party shall maintain a log of all electronic images and paper copies of Confidential Source Code Information in its possession or in the possession of its retained consultants, including the names of the recipients and reviewers of any electronic or paper copies and the locations where the copies are stored. Upon request by the producing party, the receiving party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving party and/or persons that receives a copy of any portion of the source code.

**Unauthorized Disclosure of Protected Material.**

15. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order,

the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Confidentiality Agreement" that is attached hereto as Exhibit A.

If a receiving party or person authorized to access Protected Material ("Authorized Recipient") discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to another party's Protected Material, the Receiving Party or Authorized Recipient shall: (1) promptly stop the unauthorized breach; (2) promptly (within 72 hours) provide written notice to the designating party of such breach, including information regarding the size and scope of the breach; and (3) investigate and make reasonable efforts to remediate the effects of the breach. In any event, the receiving party or Authorized Recipient shall promptly take all necessary and appropriate corrective action to terminate any unauthorized access.

**Production of Privileged or Otherwise Protected Material.**

16. Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. A producing party may assert privilege or protection over produced documents within ten

(10) business days of their production, or within ten (10) business days of the producing party's discovery of the privileged or protected document's inclusion in the production, by notifying the receiving party in writing of the assertion of privilege or protection. Information that contains privileged matter or attorney work product shall be returned and destroyed immediately if such information appears on its face or if requested.

**Nonparty Information.**

17. The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Expert Control.**

18. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Each party receiving Protected Material shall comply with all applicable export control statutes and regulations. *See, e.g.*, 15 CFR 734. No Protected Material may leave the territorial boundaries of the United States of America or be made available to any foreign national who is not (i) lawfully admitted for residence in the United States or (ii) identified as a protected individual under the Immigration and Naturalization Act (8 U.S.C. 1324b(a)(3)). Without limitation, this prohibition extends to

Protected Material (including copies) in physical and electronic form. The viewing of Protected Material through electronic means outside the territorial limits of the United States of America is similarly prohibited. Notwithstanding this prohibition, Protected Material, exclusive of material designated "Confidential Source Code Information," and to the extent otherwise permitted by law, may be taken outside the territorial limits of the United States if it is reasonably necessary for a deposition taken in a foreign country. The restrictions contained within this paragraph may be amended through the consent of the producing party to the extent that such agreed to procedures conform with applicable export control laws and regulations.

**Filing Documents With the Court.**

19. If any party wishes to submit Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information to the Court, the submission must be filed using the *Sealed and/or Ex Parte Motion* event. The word "*Sealed*" must appear in the title or caption of any document intended for filing under seal (and any proposed order you believe should be filed under seal if entered by the judge).

20. Producing or receiving Confidential information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information, or otherwise complying with the terms of this Protective Order, will not (a) operate as an admission by any party that any particular Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information contains or reflects trade secrets or any other type of confidential or proprietary information; (b) prejudice the rights of a party

to object to the production of information or material that the party does not consider to be within the scope of discovery; (c) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (d) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (e) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

**Conclusion of Litigation.**

21. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information, and to certify to the producing party that this destruction or return has been done. However, outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and attorney work provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

**Other Proceedings.**

22. By entering this Protective Order and limiting the disclosure of information in this case, the presiding judge does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or

party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed. If a party seeks to use designated information produced in this matter in a patent office proceeding, the party seeking to use the designated information in this way shall confer with the producing party prior to any use of the designated information. If the parties dispute the use of the designated information in a patent office proceeding, then the party seeking to use the designated information may file a motion with this Court to resolve the dispute. Any designated information that is produced in a patent office proceeding, due to the producing party's agreement or the Court's order, shall be filed with a motion to seal in the patent office proceeding to preserve the protections described in this Protective Order, and the parties agree to move to expunge the information at the conclusion of the proceeding.

**Remedies.**

23. It is Ordered that this Protective Order will be enforced by the sanctions set forth in Fed. R. Civ. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

24. Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

Signed July 8, 2022.

David C. Godbey
United States District Judge

Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALTRUS INNOCATIONS LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-0066-N |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**CONFIDENTIALITY AGREEMENT FOR EXPERTS AND CONSULTANTS**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," "Confidential Attorney Eyes Only Information," or "Confidential Source Code Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information are to be returned to counsel who provided me with such documents and materials.

________________________________
Signed

________________________________
Printed Name

________________________________
Date

Exhibit B

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALTRUS INNOVATIONS LTD., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-0066-N |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

**CONFIDENTIALITY AGREEMENT FOR THIRD-PARTY VENDORS**

I hereby affirm that:

Information, including documents and things, designated as "Confidential Information," "Confidential Attorney Eyes Only Information," or "Confidential Source Code Information" as defined in the Protective Order entered in the above-captioned action ("Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have been given a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any Confidential Information, Confidential Attorney Eyes Only Information, or Confidential Source Code Information disclosed to me pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose

any of this information to persons other than those specifically authorized by the Protective Order, without the express written consent of the party who designated the information as confidential or by order of the presiding judge.

____________________________________
Signed

____________________________________
Printed Name

____________________________________
Date