IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VALTRUS INNOVATIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 3:22-cv-00066-n <br><br> **JURY TRIAL DEMANDED** |

**JOINT CLAIM CONSTRUCTION STATEMENT**

On July 18, 2022, the parties exchanged preliminary claim constructions and preliminary identifications of extrinsic evidence as required by Miscellaneous Order No. 62 ¶ 4-2(a)-(b). The parties met and conferred on July 22, 2022 as required by Misc. Order No. 62 ¶ 4-2(c), and hereby submit this Joint Claim Construction and Prehearing Statement pursuant to Misc. Order No. 62 ¶ 4-3(a).

I.  **Agreed Constructions**

The parties agree on the following constructions:

| Patent/Claim(s) | Term | Agreed Construction |
|---|---|---|
| '604 Patent <br><br> Claim 1 | A computer-implemented method for searching a large number of hypertext documents in accordance | The parties agree that this preamble is limiting. |

| | with a search query, comprising: | |
|---|---|---|
| '809 Patent<br><br>Claim 1 | A hardware based utilization metering device, comprising: | The parties agree that this preamble is limiting. |
| '809 Patent<br><br>Claim 13 | A hardware based method for measuring processor utilization in a computer system comprising a plurality of processors, the method comprising: | The parties agree that this preamble is limiting. |
| '809 Patent<br><br>Claim 18 | An apparatus that provides hardware based utilization metering of central processor units (CPUs) in a computer system, comprising: | The parties agree that this preamble is limiting. |
| '454 Patent<br><br>Claims 1 and 17 | A method for routing a transaction to a partitioned server, comprising: | The parties agree that this preamble is limiting in both claims. |
| '005 Patent<br><br>Claim 8 | A method, comprising: | The parties agree that this preamble is not limiting. |

## II.  **Disputed Terms**

Exhibits A and B, attached hereto, contain the parties' proposed constructions for each disputed term, phrase, or clause together with the intrinsic and extrinsic evidence that the parties contend support their proposed constructions.

**Valtrus**: Exhibit A contains Valtrus's proposed constructions and intrinsic and extrinsic evidence in support of Valtrus's constructions for the disputed terms appearing in each of the Asserted Patents.  As required by Misc. Order 62, Valtrus has disclosed intrinsic and extrinsic support for its constructions, and extrinsic evidence that is responsive to Google's proposed

constructions. Consistent with that Order, Valtrus expressly reserves the right to rely on all intrinsic evidence in disputing Google's proposed constructions.

Exhibit C reflects claim terms for which Valtrus proposes a construction of plain and ordinary meaning, and for which Google has not proposed an alternative construction. In order to avoid instances in which Google later attempts to frustrate the claim construction process by changing positions, Valtrus requests that Google be held to this Court's claim construction procedure and that the terms be construed, as uncontested by Google, as plain and ordinary meaning. Google has offered no construction or position on any of these terms, and instead has taken the position that the claims in which these terms appear are not properly asserted, despite their inclusion in Valtrus's Preliminary Infringement Contentions. By refusing to engage in the claim construction process as to these terms, Google has waived the opportunity to propose constructions for any of these terms.

**Google**: Exhibit B contains Google's proposed constructions and intrinsic and extrinsic evidence in support of those constructions for claims that Valtrus's has set forth contentions in its preliminary infringement contentions. Google similarly reserves the right to rely on all intrinsic evidence in disputing Valtrus' proposed constructions.

Valtrus' Exhibits A and C contain terms that exclusively appear in the '704 patent, claims 3-6, 14-17; the '604 patent, claims 4-19; the '764 patent, claims 4-6, 11-13, 17-19; the '809 patent, claims 4, 7-8, 10-12, 15- 17, 20; the '005 patent, claims 11, 13, 14; and the '454 patent, claim 21 (collectively, "Set B Claims"). For each of these claims, Valtrus has set forth no infringement contentions. For example, Valtrus' infringement contention for '704 patent, claim 3, reads, in its entirety:

> Analysis of Google Search's infringement of this claim requires access to underlying source code, which operates in a manner so as to infringe on the method

> described in this claim. Accordingly, pursuant to Miscellaneous Order No. 62 3-7(a)(1), Valtrus may supplement these contentions with additional information after source code for Google Search has been produced.

Valtrus' infringement allegations for the remaining Set B Claims are substantially identical. These are not contentions as required by Misc. Order No. 62, ¶ 3-1, which requires that Valtrus provide

> [a] chart identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality . . . .

The statement above that Valtrus included in its infringement contentions does not set forth Valtrus's infringement allegations as to those claims as required by Misc. Order No. 62, ¶ 3-2. Nor does Valtrus contend it did, because Valtrus agreed that Google's invalidity contentions need not include contentions as to these claims and that Google may supplement its invalidity contentions to address these claims at a later date if Valtrus is permitted to amend to include these claims in its infringement contentions. *See* Dkt. 41 at 4 (Valtrus's position stating that "there are a number of additional asserted claims in the patents for which non-public source code is required to map the claim elements to Google's Accused Products . . . As to these claims, consistent with Misc. Order 62, Google may supplement its invalidity contentions after Google has supplied the required source code and Valtrus has had an opportunity to supplement its infringement contentions."). Any construction of terms exclusively appearing in Set B Claims should accordingly occur after the parties set forth their infringement and invalidity positions.

Nonetheless, Valtrus demands that Google *now* construe these Set B claims for which it has not set forth contentions. Valtrus' efforts to seek construction of terms in the Set B Claims is an unconstitutional effort to seek advisory opinions from the Court. Further, any potential disputes as to the scope of these terms are not ripe for resolution. Valtrus' efforts to construe terms for which it either refuses to provide a theory of infringement or cannot provide a theory of infringement is highly prejudicial to Google. Further, Valtrus' assertion that Google has

supposedly "waived" its ability to propose constructions for those terms should Valtrus actually provide a theory of infringement only underscores the prejudice to Google.[1] Additionally, Valtrus' Exhibit C contains terms that exclusively appear in Set B Claims for which Valtrus has proposed no construction at all, as Valtrus' proposal—"Plain and ordinary meaning to a person of ordinary skill in the art in light of the specification—merely recites the *Philips* standard. There is accordingly nothing for the Court to resolve in Valtrus' Exhibit C. Should Valtrus seek leave and be permitted to add any of the Set B Claims to its contentions, Google will work with Valtrus and the Court to set a separate schedule to address the claim constructions issues on those later asserted claims.

### III. Anticipated Length of Time for the Claim Construction Hearing

If a hearing is held, the parties agree that 3 hours will provide sufficient time to conduct the claim construction hearing.

### IV. Anticipated Witnesses at the Claim Construction Hearing

The parties have agreed that neither party will submit expert declarations on claim construction issues with this statement. The parties further agree that no expert or fact witnesses will present testimony at the claim construction hearing, if a hearing is held.

### V. Proposed Order of Presentation at the Claim Construction Hearing

The parties propose that the terms included in this joint statement should be addressed on a patent-by-patent, term-by-term basis at the claim construction hearing, if a hearing is held. The parties propose that the patents be presented in the following order:

- '704 Patent

---

[1] Google accordingly intends to file a motion to strike Valtrus' inclusion of terms from the Set B Claims as part of the claim construction process.

- '764 Patent
- '604 Patent
- '809 Patent
- '454 Patent
- '005 Patent

Should the Court order a *Markman* hearing, the parties will meet and confer after claim construction briefing is complete and propose a suggested order for the terms to be discussed at the hearing.

**VI.** **Other Issues to be Addressed at any Prehearing Conference**

The parties do not currently believe that there are any other issues that might be appropriately addressed at a preharing conference prior to the claim construction hearing.

                                                    Respectfully submitted,

Dated: July 25, 2022                             By:  */s/ Jon B. Hyland*

                                                    Jon B. Hyland (State Bar No. 24046131)
**HILGERS GRABEN**
10000 N. Central Expressway, Suite 400
Dallas, Texas 75231
Telephone: (972) 645-7728
E-mail: jhyland@hilgersgraben.com

Susan A. O'Brien (admitted *pro hac vice*)
**HILGERS GRABEN**
332 S Michigan Ave, Suite 121 #5612
Chicago, Illinois 60604
Telephone: (201) 649-7207
E-mail: sobrien@hilgersgraben.com

Jason Sheasby (admitted *pro hac vice*)
Amy E. Proctor (admitted *pro hac vice*)
Connor He-Schaefer (admitted *pro hac vice*)
**IRELL & MANELLA LLP**

        1800 Avenue of the Stars, Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
E-mail: jsheasby@irell.com
E-mail: aproctor@irell.com
E-mail: che-schaefer@irell.com

**COUNSEL FOR PLAINTIFF**

DATED: July 25, 2022        */s/ David Perlson*

    Michael K. Hurst
mhurst@lynnllp.com
Texas Bar No. 10316310
Patrick Disbennett
pdisbennett@lynnllp.com
Texas Bar No. 24094629
Barira Munshi
bmunshi@lynnllp.com
Texas Bar No. 24095924

**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 (Telephone)
(214) 981-3839 (Facsimile)


Charles K. Verhoeven
David A. Perlson
Michael Trombetta
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6600 (Telephone)
415-875-6700 (Facsimile)

Deepa Acharya
Patrick Stafford
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, NW
Washington, DC 20005
202-538-8107 (Telephone)
202-538-8100 (Facsimile)

**ATTORNEYS FOR DEFENDANT GOOGLE LLC**

- 8 -

## CERTIFICATE OF SERVICE

      This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on July 25, 2022.


                                                              */s/ Jon B. Hyland*

11125300