IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VALTRUS INNOVATIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 3:22-CV-00066-N |

**DEFENDANT GOOGLE LLC'S MOTION TO STRIKE PLAINTIFF VALTRUS INNOVATION LTD.'S PROPOSED CLAIM TERMS**

## **TABLE OF CONTENTS**

|  | **Page** |
|---|---:|
| FACTUAL BACKGROUND | 2 |
|   I.     | 2 |
|   II.    | 3 |
| ARGUMENT | 5 |
| I.     | 5 |
| II.    | 8 |
| CONCLUSION | 8 |

# **TABLE OF AUTHORITIES**

**Page**

## **Cases**

*Fractus, S.A. v. ZTE Corp.*,
    No. 3:18-CV-2838-K, 2019 WL 5267426 (N.D. Tex. Oct. 16, 2019) .............................. 8

*Jang v. Bos. Sci. Corp.*,
    532 F.3d 1330 (Fed. Cir. 2008) ...................................................................................... 8

*Traxcell Techs., LLC v. Huawei Techs. USA Inc.*,
    No. 2:17-CV-00041-RWS-RSP, 2017 WL 6559256 (E.D. Tex. Dec. 21, 2017) .............. 6

*U.S. Surgical Corp. v. Ethicon, Inc.*,
    103 F.3d 1554 (Fed. Cir. 1997) ...................................................................................... 8

*Uni-Splendor Corp. v. Remington Designs, LLC*,
    No. CV 16-9316 PA(SSX), 2017 WL 4786085 (C.D. Cal. Aug. 10, 2017) ...................... 6

*Vivid Technologies, Inc. v. Am. Science & Eng'g, Inc.*,
    200 F.3d 795 (Fed. Cir. 1999) ........................................................................................ 8

## NOTES ON CITATIONS

- The asserted patents are referred to herein collectively as the "Asserted Patents" and are: U.S. Patent No. 6,728,704 (the "'704 Patent"), U.S. Patent No. 6. 738,764 (the "'764 Patent"), U.S. Patent No. 6,816,809 (the "'809 Patent"), U.S. Patent No. 7,346,604 (the "'604 Patent"), U.S. Patent No. 7,523,454 (the "'454 Patent"), and U.S. Patent No. 7,748,005 (the "'005 Patent").

- The following claims are referred to herein collectively as the "Set B Claims": '706 patent, claims 3-6, 14-17; '764 patent, claims 4-6, 11-13, 17-19; '604 patent, claims 4-19; '809 patent, claims 4, 7-8, 10-12, 15-17, 20; '454 patent, claim 21; and '005 patent, claims 11 and 14.

Valtrus seeks to turn the claim construction process on its head. Misc. Order No. 62 ¶ 3-1 requires that a patent owner "identify specifically and in detail where each element of each asserted claim is found within each accused instrumentality." Only subsequent to this disclosure, and a defendant's invalidity contentions, does the claim construction procedure proceed under Misc. Order No. 62 ¶¶ 4-1 to 4-6. Yet, Valtrus seeks construction for numerous claims and numerous terms in those claims for which neither party has provided contentions at all.

Specifically, Valtrus lists *forty-six* dependent claims in its infringement contentions for which Valtrus discloses *no* infringement theory at all for the additional elements in those claims (collectively "Set B Claims"). Instead, Valtrus states that it "may" supplement with contentions for these claims after it has analyzed Google's source code, pointing to Misc. Order No. 62 ¶ 3-7(a)(1).[1] While ¶ 3-7(a)(1) allows a patent plaintiff to "supplement" contentions as to a claim element it does not say a patent plaintiff can provide no contentions whatsoever. Indeed, there are no contentions for the additional elements in the Set B Claims to even "supplement" at this point.

Nevertheless, Valtrus insists that the terms that appear only in the dependent Set B Claims be construed now as shown in Valtrus's Exhibit A to the Joint Claim Construction Statement ("JCCS"). Dkt. 83. But with no infringement contentions as to the portions of these dependent claims in which these terms appear, there is nothing to dispute and accordingly no case or controversy for the Court to address. Nor could Google possibly know what, if anything, in these terms need to be construed in them, as it does not know how (or even if) Valtrus is reading those terms for infringement and, accordingly, what the disputes may be. This is why this Court's Misc. Order No. 62 and local patent rules adopted by districts throughout the country require a disclosure

---

[1] Valtrus includes this language in many of the claims for which it has provided contentions as well, but those claims are not at issue in this motion.

of infringement contentions *before* claim construction.

The parties have met and conferred multiple times and Valtrus has steadfastly refused to drop its proposed constructions for terms that appear only in the Set B Claims. In fact, Valtrus states it intends to seek a litigation gotcha, arguing that Google has now "waived" any claim construction arguments for terms that appear only in the Set B claims for which Valtrus has not even provided complete infringement contentions. Google has not provided any proposed constructions because it cannot without knowing Valtrus's infringement read, as Misc. Order 62 implicitly recognizes. Valtrus's cynical abuse of the claim construction process should be rejected. The Court should strike the Set B Claims and the corresponding constructions from Valtrus's Misc. Order No. 62 ¶¶ 4-1 and 4-2 disclosures and the JCCS.

## FACTUAL BACKGROUND

I. **VALTRUS INCLUDES NUMEROUS CLAIMS WITH NO ACTUAL CONTENTIONS IN ITS ¶ 3-1 DISCLOSURES**

Valtrus's Infringement Contentions, served March 29, 2022 provide contentions for forty-two claims among the six Asserted Patents. However, for forty-six dependent claims, some with multiple additional elements and limitations, Valtrus provided no contentions of where the additional limitations elements and limitations of those claims are found within any accused instrumentality in this case as required by Misc. Order No. 62. These Set B Claims include '704 patent, claims 3-6, 14-17; '764 patent, claims 4-6, 11-13, 17-19; '604 patent, claims 4-19; '809 patent, claims 4, 7-8, 10-12, 15-17, 20; '454 patent, claim 21; and '005 patent, claims 11 and 14. Ex. A. Instead, for each of these claims, Valtrus states: "[a]nalysis of Google [Search/Cloud]'s infringement of this claim requires access to underlying source code, which operates in a manner so as to infringe on the [method/device] described in this claim." *Id*. at Exhibit A, 19-21, 39-41, Exhibit B, 10-11, 24-25, 33-34, Exhibit C, 7, 10, 12-13, 19-20, 27, Exhibit D, 17-27, Exhibit E,

29, Exhibit F, 20-23.

In the April 19 Initial Case Management Report, Google noted that Valtrus failed to provide contentions for the Set B Claims. Dkt. 41, 4-5. Valtrus did not dispute (and has never disputed) this. Rather, it stated in the Report, "[t]here are a number of additional asserted claims in the patents for which non-public source code is required to map the claim elements to Google's Accused Products. Valtrus designated these claims pursuant to Misc. Order. 62 ¶ 3-7(a)(1). As to these claims, consistent with Misc. Order 62, Google may supplement its invalidity contentions after Google has supplied the required source code and Valtrus has had an opportunity to supplement its infringement contentions." *Id*. However, as there were no infringement contentions for the Set B Claims, Valtrus agreed that Google did not need to provide invalidity contentions as to the Set B Claims in its ¶ 3-2 disclosures. *Id*. at 4; *see also* Ex. B at 1 ("Valtrus considers all claims included in the Preliminary Infringement Contentions to be live, but expects to supplement them to provide additional information once Valtrus's attorneys and experts have received and reviewed relevant source code from Google . . . . Valtrus is not opposed to Google providing its invalidity contentions as to these claims after Valtrus has amended its infringement contentions accordingly.")

Accordingly, on June 14, Google served its preliminary invalidity contentions for just the forty-two claims for which Valtrus provided contentions and *not* the Set B Claims. Ex. C. While Google made clear it did not agree that the Set B Claims were in the case and made that clear to Valtrus (Dkt. 41, 5; Ex. C at 1-2), given that Valtrus agreed that Google need not provide ¶ 3-2 disclosures regarding the Set B Claims, there was no dispute regarding the Set B Claims that required resolution at that time.

II.     **VALTRUS INSISTS ON CONSTRUCTION OF TERMS IN SET B CLAIMS**

The parties exchanged their respective list of proposed terms for construction pursuant to

Misc. Order No. 62 ¶ 4-1(a) on June 28. Exs. D and E. Despite not providing any infringement contentions for them, Valtrus's ¶ 4-1 disclosures included thirty-six claim terms that exclusively appear in the Set B Claims. Ex. E. At the parties' July 5 meet and confer on the proposed terms for construction, Google noted that Valtrus's inclusion of claim terms that are exclusively in the Set B Claims was improper. Ex. F. Google further noted that there was therefore no case or controversy between the parties as to claims or their scope. Thus, Valtrus's proposal to add constructions from the Set B Claims would seek an unconstitutional advisory opinion. *Id*. Google further noted that since Valtrus had not provided any theory of infringement for these claims, and as Google had correspondingly not provided any theory of invalidity for these claims, any potential dispute as to the scope of any terms within those claims is not yet ripe or even discernable. *Id*.

Yet, when the parties exchanged their respective proposed constructions and extrinsic evidence pursuant to Misc. Order 62 ¶ 4-2 on July 18, Valtrus continued to include numerous terms for the Set B Claims for which it did not provide contentions. Ex. G. Valtrus proposed a construction of "[p]lain and ordinary meaning to a person of ordinary skill in the art in light of the specification," for the vast majority of the terms in the Set B claims. *Id.* Google noted its objection to the inclusion of terms of the Set B Claims in its disclosure served the same day. Ex. H.

Google wrote Valtrus on July 20, again asking Valtrus to remove the terms from the Set B Claims from its claim construction disclosures. Ex. I at 2-3. If Valtrus would not do so, Google asked for Valtrus's availability that week to meet and confer on the instant motion to strike. *Id*. Having heard no response, Google indicated it would meet and confer on the motion to strike during the parties' required meet and confer regarding claim construction under the Court's schedule set for July 22. *Id*. at 1. Valtrus responded that the "folks responsible for that issue" would not be on the claim construction meet and confer. *Id*.

The parties met and conferred on claim construction per the Scheduling Order (Dkt. 51) on July 22. On the meet and confer, Valtrus again stated it would not remove any terms from its Set B Claims. Ex. J. Rather, Valtrus stated that Google was now supposedly precluded from seeking any construction of these terms because it had not provided constructions for them. *Id.*; *see also* JCCS (Dkt. 83, 3) ("By refusing to engage in the claim construction process as to [the Set B Claims] terms, Google has waived the opportunity to propose constructions for any of these terms."). Google reiterated its prior position that it was improper for Valtrus to pursue terms for claims with no contentions and that Valtrus's assertion of waiver for such terms was nonsensical. Ex. J. Yet, despite discussing the exact issue for the instant motion both on this call and the prior July 5 meet and confer, counsel for Valtrus similarly said that the person "handling this issue," Jon Hyland, was not on the meet and confer. *Id.* at 1. Valtrus then included terms for construction from the Set B Claims in the JCCS filed July 25. Dkt. 83.

While Google did not think this was appropriate or necessary given that counsel on the claim construction calls had been discussing this same issue, Google also generally discussed the instant motion to strike with Mr. Hyland on July 26. Unfortunately, that discussion did not resolve the issue either. Valtrus again pointed to its ability to supplement its contentions under ¶ 3-7(a)(1) as sufficient for the Set B Claims to be at issue. And Valtrus again indicated that it may or may not supplement its contentions as to those claims, undermining the assertion that they are in the case and showing they may never be.

## ARGUMENT

**I. VALTRUS'S INSISTENCE THAT THE COURT CONDUCT CLAIM CONSTRUCTION FOR TERMS IN SET B CLAIMS IS IMPROPER**

As discussed above, there can be no legitimate dispute that Valtrus's Infringement Contentions contain *no* contentions of infringement as to the additional elements and limitations

5

of the Set B Claims. While Valtrus recognized that without infringement contentions, invalidity contentions are not necessary or possible, it has taken a different view with claim construction. But there is no cognizable basis for Valtrus's position that it is appropriate, much less necessary, to construe the Set B Claims for which Valtrus has not provided infringement contentions. Instead, construing the Set B Claims now would prejudice Google and would be a wasteful exercise for the Court.

It is common sense that infringement contentions that set forth an infringement theory for the claims is required before parties can identify claim terms for construction or propose constructions. Google cannot determine potential disputes with claim scope for these claims absent contentions showing how Valtrus reads the claims. "There is no way for the defendants to channel discovery or prepare for claim construction without" providing infringement charts comparing each asserted claim to each accused product. *Traxcell Techs., LLC v. Huawei Techs. USA Inc.*, No. 2:17-CV-00041-RWS-RSP, 2017 WL 6559256, at *5 (E.D. Tex. Dec. 21, 2017) (noting "the prejudice defendants have suffered as a result of Traxcell's noncompliance" and granting emergency motion to strike infringement contentions and stay schedule pending adequate contentions); *Uni-Splendor Corp. v. Remington Designs, LLC*, No. CV 16-9316 PA (SSX), 2017 WL 4786085, at *4 (C.D. Cal. Aug. 10, 2017) (noting "adequate infringement contentions" needed for each asserted claim "for the Parties to address them meaningfully in a joint claim construction statement.") This is why Misc. Order No. 62 ¶ 3-1 required Valtrus to set forth "[a] chart identifying specifically and in detail ***where each element of each asserted claim*** is found within each accused instrumentality." Valtrus's assertion that analysis of source code was required to determine if Valtrus would assert Google infringes these claims pursuant to Misc. Order No. 62 ¶ 3-7(a)(1), and that Valtrus "may supplement these contentions with additional information after

source code for Google Search has been produced" cannot substitute for the required disclosure. Ex. A at Exhibit A, 19-21, 39-41, Exhibit B, 10-11, 24-25, 33-34, Exhibit C, 7, 10, 12-13, 19-20, 27, Exhibit D, 17-27, Exhibit E, 29, Exhibit F, 20-23.  This boilerplate reservation of rights is not sufficient to identify a claim construction dispute for these claims or to determine if Valtrus will assert they are infringed by Google.

Valtrus seeks to benefit from its gamesmanship in asserting claim construction is required for claims with no infringement contentions by asking that Google be foreclosed from ever construing any term in the Set B Claims, even if Valtrus is given leave to provide contentions/actually accuse these claims and Valtrus actually provides an infringement theory for these claims.  In the JCCS, Valtrus explicitly says: "By refusing to engage in the claim construction process as to [the Set B claims] terms, Google has waived the opportunity to propose constructions for any of these terms." Dkt. 83, 3.  While it is inappropriate to go through this process at all for terms in the Set B Claims, Valtrus's attempt to use its failure and refusal to provide infringement contentions for the Set B Claims as a sword and shield to preclude Google from ever being able to request constructions for them, and for all of Valtrus's constructions to be adopted, is particularly egregious.

Further, contrary to Valtrus's suggestion, if Valtrus does in fact supplement under Misc. Order No. 62 ¶ 3-7(a)(1), that would not resolve the issue as to the Set B claim terms.  Again, while Misc. Order No. 62 ¶ 3-7(a)(1) allows a party to supplement to add references to source code for elements of a claim, it does not provide a basis to add contentions for an entirely new set of claims for which it has not yet provided complete contentions.  Rather, Valtrus would need *leave of court* to add any of the forty-six Set B Claims.  Misc. Order No. 62 ¶ 3-7(b).  If Valtrus seeks and is granted such leave, then the proper course of action would be to have, after Google provides

invalidity contentions for any such claims, another round of claim construction disclosures and filings to address any claim construction issues on these new claims just as was done with the claims actually at issue in Valtrus's existing contentions. *Cf. Fractus, S.A. v. ZTE Corp.*, No. 3:18-CV-2838-K, 2019 WL 5267426, at *5–6 (N.D. Tex. Oct. 16, 2019) (conducting claim construction second time as dispute with claim term was not apparent before).

## II. IT IS IMPROPER TO CONSTRUE TERMS IN THE SET B CLAIMS AS THERE IS NO CASE OR CONTROVERSY AS TO THEM

While Valtrus's demand to construe claims for which it has not provided complete contentions is procedurally improper for the reasons stated above, Valtrus asks the Court to provide an improper advisory opinion as to these claims. "Claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement." *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997). "[O]nly those terms need be construed that are in controversy, and only to the extent necessary to resolve the controversy." *Vivid Technologies, Inc. v. Am. Science & Eng'g, Inc.*, 200 F.3d 795, 803 (Fed. Cir. 1999).

If a court were to construe claims that lack a theory of infringement, the court would be issuing an advisory opinion that would not resolve a concrete controversy between the parties. The Federal Circuit has held that construing terms that would not affect a finding of infringement "would risk rendering an advisory opinion as to claim construction issues that do not actually affect the infringement controversy between the parties. The Supreme Court has explicitly held that Article III does not permit the courts to resolve issues when it is not clear that the resolution of the question will resolve a concrete controversy between interested parties." *Jang v. Bos. Sci. Corp.*, 532 F.3d 1330, 1336–37 (Fed. Cir. 2008). Here, there is similarly no "concrete controversy" for the terms in the Set B Claims because Valtrus has not even asserted an infringement theory for

8

these claims. Indeed, Valtrus at best has said it "may" supplement its contentions to allege infringement of these claims. Ex. A at Exhibit A, 19-21, 39-41, Exhibit B, 10-11, 24-25, 33-34, Exhibit C, 7, 10, 12-13, 19-20, 27, Exhibit D, 17-27, Exhibit E, 29, Exhibit F, 20-23. This is another reason to strike Valtrus's improper attempt to construe the Set B Claims.

## **CONCLUSION**

For the foregoing reasons, the Court should strike from Valtrus's Misc. Order No. 62 ¶¶ 4-1 and 4-2 disclosures and the JCCS the inclusion of the claim terms exclusively in the Set B Claims.

DATED: July 29, 2022	Respectfully submitted,

/s/ *Michael K. Hurst*

Michael K. Hurst
mhurst@lynnllp.com
Texas Bar No. 10316310
Patrick Disbennett
pdisbennett@lynnllp.com
Texas Bar No. 24094629
Barira Munshi
bmunshi@lynnllp.com
Texas Bar No. 24095924

**LYNN PINKER HURST & SCHWEGMANN LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 (Telephone)
(214) 981-3839 (Facsimile)


Charles K. Verhoeven
David A. Perlson
Michael Trombetta
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, CA 94111
415-875-6600 (Telephone)
415-875-6700 (Facsimile)

Deepa Acharya
Patrick Stafford
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
1300 I Street, NW
Washington, DC 20005
202-538-8107 (Telephone)
202-538-8100 (Facsimile)

**ATTORNEYS FOR DEFENDANT GOOGLE LLC**

10

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 26, 2022, I met and conferred with Valtrus's counsel, Jon Hyland, on this Motion. During the meet and confer, Jon Hyland informed me that Valtrus opposed the Motion.

*/s/ Michael K. Hurst*

## CERTIFICATE OF SERVICE

I hereby certify that on July 29, 2022, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to counsel for all parties of record.

*/s/ Michael K. Hurst*