IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

|  |  |
|---|---|
| VALTRUS INNOVATIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Case No. 3:22-cv-00066-n <br><br> JURY TRIAL DEMANDED |

### PLAINTIFF VALTRUS INNOVATIONS LTD.'S RESPONSE TO GOOGLE LLC'S MOTION FOR EXTENSION OF TIME TO SERVE SUPPLEMENTAL INVALIDITY CONTENTIONS AND FOR SHORTENED BRIEFING SCHEDULE

Valtrus agrees with Google that its Motion for Extension of Time to Serve Supplemental Invalidity Contentions and for Shortened Briefing Schedule (Dkt. 164) should never have been filed. Valtrus has made clear that it does not oppose the relief that Google requests in its Motion. Valtrus has proposed several times that the parties agree to table the issues of supplemental infringement contentions and supplemental invalidity contentions until the Court decides Valtrus' Motion to Compel additional source code (Dkt. 85).

Indeed, before Google filed this motion, counsel for Valtrus sent an email to counsel for Google proposing:

Both parties agree that there is no need to supplement infringement or

1

> invalidity contentions until after the Court rules on Valtrus' Motion to Compel. Both parties agree that they have not waived any objections to the other party's second supplemental infringement contentions or invalidity contentions. Both parties further agree that they won't move to compel regarding contentions or source code until the Court rules on Valtrus' Motion to Compel. Finally, Google confirms that it will produce any prior art in its possession in the ordinary course and will not withhold until it supplements its invalidity contentions.

See Ex. A, App. at 001.  Google's motion seeks nothing more than what Valtrus proposed.

Google's certificate of conference states that counsel for Valtrus stated on October 7, 2022 that Valtrus opposed Google's Motion.  This is not accurate.  On October 7, counsel for Valtrus were attempting to work with counsel for Google to come to an acceptable arrangement regarding the timing of Google's supplemental infringement contentions.  After Google rejected Valtrus' proposal, counsel requested more information regarding what Google wanted in an effort to come to an agreement.  See Ex. B, App. at 006.  Without waiting for a response, Google filed its Motion.

Google's Motion is the latest in a string of motions filed by Google where Google's counsel has made minimal effort to confer with Valtrus and resolve issues without the Court's intervention.  It is not clear whether this has been a purposeful strategy to overload the Court's docket or simply ignorance of the local rules and practices of this District.  Regardless, the result has been needless motions that have unnecessarily burdened Valtrus and the Court.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: October 12, 2022 | By:  */s/ Jon B. Hyland* |
|  | Jon B. Hyland (State Bar No. 24046131)<br>**HILGERS GRABEN**<br>10000 N. Central Expressway, Suite 400<br>Dallas, Texas 75231<br>Telephone: (972) 645-7728 |

CONTAINS CONFIDENTIAL INFORMATION
FILED UNDER SEAL

E-mail: jhyland@hilgersgraben.com

Susan A. O'Brien (admitted *pro hac vice*)
**HILGERS GRABEN**
332 S Michigan Ave, Suite 121 #5612
Chicago, Illinois 60604
Telephone: (201) 649-7207
E-mail: sobrien@hilgersgraben.com

Jason Sheasby (admitted *pro hac vice*)
Amy E. Proctor (admitted *pro hac vice*)
Connor He-Schaefer (admitted *pro hac vice*)
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
E-mail: jsheasby@irell.com
E-mail: aproctor@irell.com
E-mail: che-schaefer@irell.com

**COUNSEL FOR PLAINTIFF**

3

## **CERTIFICATE OF SERVICE**

      This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on October 12, 2022.

                                                      */s/ Jon B. Hyland*