IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALTRUS INNOVATIONS LTD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-66-N |
| | § | |
| GOOGLE LLC, | § | |
| | § | |
| Defendant. | § | |

# ORDER

This Order addresses Defendant Google LLC's ("Google") Motion to Stay Pending *Inter Partes* Review [141]. For the reasons stated below, the Court grants the motion and stays the case pending final resolution of the *inter partes* review.

## I. THE PATENT DISPUTE

Plaintiff Valtrus Innovations LTD ("Valtrus") filed this lawsuit on January 10, 2022 alleging that Google infringes six of Valtrus's patents. Between July and September of 2022, Google filed petitions for *inter partes* review ("IPR") of five of the six asserted patents. In its petitions, Google requests that the Patent and Trademark Office's ("PTO") Patent Trial and Appeal Board ("PTAB") cancel nearly all the asserted and unasserted claims of these five patents. Google's petitions argue that the patents are anticipated and rendered obvious by prior art and printed publications. PTAB has not yet determined whether to institute IPR. Google now asks this Court to stay the case pending the PTO's resolution of its petitions for IPR.

## II. THE COURT STAYS THE CASE

The Court considers the following factors when deciding whether to stay litigation pending IPR: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the case and the trial; and (3) whether discovery is complete and whether a trial date has been set." *Uniloc 2017 LLC v. LG Elecs. U.S.A., Inc.*, 2020 WL 374545, at *1 (N.D. Tex. 2020) (citing *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016)). The Court may also consider whether a stay would reduce the burden of litigation. *Blephex LLC v. Pain Point Med. Sys. Inc.*, 2016 WL 7839343, at *1 (N.D. Tex. 2016) (citing *Murata Mach.*, 830 F.3d at 1362). As the moving party, Google bears the burden of demonstrating that a stay is appropriate. *DSS Tech. Mgmt., Inc. v. Apple, Inc.*, 2015 WL 1967878, at *2 (N.D. Cal. 2015). The Court finds that these factors favor granting the stay.

### A. A Stay Will Not Unduly Prejudice Valtrus

Valtrus argues that it will suffer prejudice because critical information may be lost due to delays in the discovery process, and third parties will suffer prejudice by freezing discovery in the midst of their efforts to comply with Google's subpoenas.

The Court notes at the outset that a delay caused by the IPR process, without more, does not justify denial of a stay because the length of the IPR alone does not establish prejudice. *Blephex*, 2016 WL 7839343, at *2. Here, Valtrus does not practice the asserted patents, does not compete with Google, and has not moved for a preliminary injunction. Therefore, any delay in recovery can be compensated by monetary damages.

ORDER – PAGE 2

Valtrus will not suffer any tactical disadvantage. The fact that the events in question happened years ago does not automatically warrant parallel and duplicative proceedings to avoid loss of evidence. The IPR process is intended to be a "quick and cost effective alternativ[e] to litigation," *Cuozzo Speed Techs., LLC v. Lee*, 579 U.S. 261, 278 (2016) (internal citations omitted), and the statutory deadline to complete the IPR process limits the possibility that witnesses' memories will diminish. *See* 35 U.S.C. § 316(a)(11). Furthermore, a document hold is in place and would remain in place during the stay. If Google fails to uphold its retention obligations during the stay, Valtrus may seek appropriate relief from the Court. Accordingly, the risk of losing evidence is minimal.

Additionally, third parties who have received subpoenas would benefit from a stay in this case. If any asserted patents are invalidated, the subpoenas would become moot, or at minimum, narrowed in scope. The inconvenience of a delay is outweighed by the benefit of potentially limiting the documents that the third parties will be required to produce.

Google also did not unreasonably delay filing its petitions for IPR. Google timely filed its IPR petitions within one year of service of Valtrus's Complaint. The Court concludes that the first factor weighs in favor of a stay.

### B. A Stay May Simplify the Issues in the Case

A stay may simplify the issues in the case by, for example, "rendering some or all of Plaintiff's infringement claims moot, estopping Defendant from asserting any arguments it raised or reasonably could have raised in the IPR, and providing the Court with PTAB's expert opinion on the claims at issue." *Blephex*, 2016 WL 7839343, at *2 (quoting *DSS Tech. Mgmt.*, 2015 WL 1967878, at *3). "Although there is a chance the patent claims will

ORDER – PAGE 3

emerge from the reexamination process unchanged, the statistics indicate that is unlikely." *Id.* (quoting *Tierravision, Inc. v. Google, Inc.*, 2012 WL 559993, at *2 (S.D. Cal. 2012)). Accordingly, upon consideration of the facts of this case, the Court finds this factor weighs toward granting the stay.

### C.  The Case is in the Early Stages of Litigation

The third factor, the status of the case, also weighs in favor a stay.  "Courts often find the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court, even when the parties and/or the court have already devoted substantial resources to the litigation."  *Destination Maternity Corp. v. Target Corp.*, 12 F. Supp. 3d 762, 770 (E.D. Pa. 2014).  Specifically, when examining this factor, courts consider "whether discovery is complete and whether a trial date has been set." *Evolutionary Intelligence, LLC v. Facebook, Inc.*, 2014 WL 261837, at *2 (N.D. Cal. 2014).  This case has not yet been set for trial, and there are no dates for the close of fact and expert discovery.  Moreover, the Court has not ruled on any dispositive motions, and the Court has not rendered a decision on claim construction.  Based on the status of the case, the Court finds that this factor weighs in favor of granting the stay.

### CONCLUSION

Because each of the three factors supports granting the stay, the Court grants Google's motion and stays the case pending resolution of the IPR.

Signed November 2, 2022.

_____
David C. Godbey
Chief United States District Judge