# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| VALTRUS INNOVATIONS LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | **Case No. 3:22-cv-00066-n** <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF VALTRUS INNOVATIONS LTD.'S REPLY IN SUPPORT OF ITS OPPOSED MOTION TO LIFT THE STAY PENDING *INTER PARTES* REVIEW**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT ............................................................................................................. 2

    A. Google's Secret, Last-Minute *Ex Parte* Reexamination Apparently Filed to Manufacture a Reason to Further Delay the Case Is Unlikely to Simplify Issues ................................................................................................ 3

    B. Google Has Not Identified Any Likely Simplification for the '704 Patent ............................................................................................................ 6

    C. Maintaining the Stay Indefinitely Will Unduly Prejudice Valtrus and Only Benefit Google with Years of Tactical Advantage ..................................... 7

    D. Google Ignores its Own Case Law that the Litigation-Stage Factor Cannot Weigh Against Lifting a Stay ................................................................ 10

III. CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACQIS, LLC v. EMC Corp.*,
   No. 14-cv-13560, 2016 WL 4250245 (D. Mass. Aug. 10, 2016) ..............................................6

*Allvoice Devs. US, LLC v. Microsoft Corp.*,
   No. 6:09-cv-366, 2010 WL 11469800 (E.D. Tex. June 4, 2010) ..............................................7

*Applications in Internet Time, LLC v. Salesforce, Inc.*,
   No. 3:13-CV-00628, 2023 WL 2465805 (D. Nev. Mar. 10, 2023) .......................................4, 7

*B.E. Tech., LLC v. Twitter, Inc.*,
   No. CV 20-621, 2023 WL 3478567 (D. Del. May 16, 2023) ..................................................9

*Baxter Healthcare Corp. v. Becton, Dickinson & Co.*,
   No. 3:17-CV-2186, 2021 WL 22553, at *3 (S.D. Cal. Jan. 4, 2021) ....................................6, 7

*Blephex LLC v. Pain Point Med. Sys. Inc.*,
   2016 WL 7839343 (N.D. Tex. Nov. 3, 2016) ...........................................................................7

*Cellwitch Inc. v. Tile, Inc.*,
   No. 19-CV-01315, 2021 WL 9145413 (N.D. Cal. Oct. 8, 2021) ..........................................6, 7

*Clinicomp Int'l, Inc. v. Cerner Corp.*,
   2018 WL 5617694 (S.D. Cal. Oct. 30, 2018) ...........................................................................7

*In re Corel Software, LLC*,
   778 F. App'x 951 (Fed. Cir. 2019) ...........................................................................................5

*Cronos Techs., LLC v. Expedia, Inc.*,
   No. CV 13-1538, 2016 WL 1089752 (D. Del. Mar. 21, 2016) .............................................4, 7

*Dermafocus LLC v. Ulthera, Inc.*,
   2018 WL 5113960 (D. Del. Oct. 19, 2019) ............................................................................10

*DivX, LLC v. Netflix, Inc.*,
   No. CV 19-1602, 2022 WL 1208167 (C.D. Cal. Mar. 29, 2022) .......................................7, 10

*Eon Corp. IP Holdings, LLC v. Sensus USA Inc.*,
   No. 6:09-CV-116, 2009 WL 9506927 (E.D. Tex. Dec. 18, 2009) ...........................................5

*G.W. Lisk Co v. Power Packer N.A., Inc.*,
   591 F. Supp. 3d 391 (S.D. Iowa 2022) .................................................................................4, 5

**Page**

*Harris Corp. v. Ruckus Wireless, Inc.*,
  No. 6:11-cv-618, 2014 U.S. Dist. LEXIS 184577 (M.D. Fla. Oct. 1, 2014) ............................7

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
  No. CV 18-452-WCB, 2020 WL 6270776 (D. Del. Oct. 26, 2020) ................................6, 9, 10

*Kahn v. GMC*,
  889 F.2d 1078 (Fed. Cir. 1989) ................................................................................................9

*KIPB LLC v. Samsung Elecs. Co.*,
  No. 2:19-cv-00056, 2019 WL 6173365 (E.D. Tex. Nov. 20, 2019) .....................................4, 9

*Knauf Insulation, LLC v. Johns Manville Corp.*,
  No. 1:15-cv-00111, 2023 WL 1069869 (S.D. Ind. Jan. 27, 2023) ............................................5

*Longhorn HD LLC v. NetScout Sys, Inc.*,
  No. 2:20-CV-00349, 2022 WL 71652 (E.D. Tex. Jan. 6 2022) ....................................3, 4, 5, 9

*Luminati Networks Ltd. v. NetNut Ltd.*,
  No. 2:20-cv-00188, 2021 WL 3128654 (E.D. Tex. July 23, 2021) .......................................3, 5

*MacroSolve, Inc. v. Antenna Software, Inc.*,
  No. 6:11cv287, 2013 WL 7760889 (E.D. Tex. Aug. 30, 2013) ............................................4, 7

*Masimo Corp. v. Apple Inc.*,
  No. SACV 20-00048, 2024 WL 751008 (C.D. Cal. Feb. 16, 2024) .........................................7

*MasterObjects, Inc. v. eBay, Inc.*,
  No. 16-cv-06824, 2018 WL 11353751 (N.D. Cal. Nov. 7, 2018) ...........................................10

*MemoryWeb, LLC v. Apple, Inc.*,
  No. 21-CV-09839, 2023 WL 8006852 (N.D. Cal. Nov. 16, 2023) ...........................................6

*Micrografx, LLC v. Google, Inc.*,
  2014 WL 12580455 (N.D. Tex. July 9, 2014) .........................................................................7

*MLC Intellectual Property, LLC v. Micron Tech., Inc.*,
  No. 14-cv-03657, 2016 WL 9175599 (N.D. Cal. Mar. 29, 2016) ............................................9

*Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*,
  No. 6:11-cv-492, 2015 WL 11439060 (E.D. Tex. Jan. 5, 2015) ..............................................9

*Oyster Optics, LLC v. Ciena Corp.*,
  No. 17-cv-05920, 2019 WL 4729468 (N.D. Cal. Sept. 23, 2019) ..........................................10

*Papst Licensing GmbH & Co., KG v. Apple, Inc.*,
  No. 6:15-CV-01095, 2018 WL 3656491 (E.D. Tex. Aug. 1, 2018) .........................................9

**Page**

*Parallax Grp. Int'l, LLC v. Incstores LLC*,
   No. SACV 16-00929, 2021 WL 3508231 (C.D. Cal. May 12, 2021) ........................................6

*Pers. Audio LLC v. Google, Inc.*,
   230 F. Supp. 3d 623 (E.D. Tex. 2017) ....................................................................................9

*Polaris PowerLED Techs., LLC v. Dell Techs. Inc.*,
   No. 1:22-CV-0973, 2023 WL 5282381 (W.D. Tex. Aug. 15, 2023) .........................................5

*Puget Bioventures, LLC v. Biomet Orthopedics, LLC*,
   No. 3:10-cv-00465, 2017 WL 3484744 (N.D. Ind. Aug. 14, 2017) ..........................................9

*Realtime Data LLC v. Silver Peak Sys., Inc.*,
   No. 17-CV-02373, 2018 WL 3744223 (N.D. Cal. Aug. 7, 2018) .........................................6, 7

*Smart Modular Techs., Inc. v. Netlist, Inc.*,
   No. 2:12-cv-02319, 2016 WL 5159524 (E.D. Cal. Sept. 21, 2016) ..........................................7

*Sorensen v. Black & Decker Corp.*,
   2007 WL 2696590 (S.D. Cal. Sept. 10, 2007) ..........................................................................7

*Soverain Software LLC v. Amazon.com, Inc.*,
   356 F. Supp. 2d 660 (E.D. Tex. 2005) ......................................................................................5

*TPK Touch Sols., Inc. v. Wintek Electro-Optics Corp.*,
   No. 13-CV-02218, 2013 WL 5289015 (N.D. Cal. Sept. 18, 2013) .......................................4, 5

*UNM Rainforest Innovations v. D-Link Corp.*,
   No. 6:20-cv-00143, 2023 WL 2706748 (W.D. Tex. Mar. 29, 2023) .........................................7

**Other Authorities**

Finnegan: At the PTAB Blog (Apr. 19, 2024),
   https://www.finnegan.com/en/insights/blogs/at-the-ptab-blog/special-report-
   trends-in-federal-circuit-ptab-appeals-through-2023.html (reporting on the
   "historic high" of an "overall affirmance rate (for every appealed issue)" of
   "83.3% in 2023") ......................................................................................................................2

U.S. Patent & Trademark Office, *Ex Parte Reexamination Filing Data* (Sept. 30,
   2023),
   https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats
   _.pdf .........................................................................................................................................2

I.   INTRODUCTION

Google does not oppose Valtrus dropping three of the asserted patents (the '764, '005, and '454 Patents) to streamline this now two-year old patent litigation. Opp. Br. 25. n.8. To further simplify the issues, Valtrus agrees to drop all three patents with prejudice when the stay is lifted—just as it first proposed to Google during the conferral process. This moots all of Google's concerns about duplication from dropping patents without prejudice. Opp. Br. 1–2, 10–12 & n.4, 25.

Once the stay is lifted, this case will include three patents: the '604 Patent, for which no validity challenge is pending; the '809 Patent, which Google unsuccessfully challenged during the stay, and which has multiple infringed claims that are not subject to any pending validity challenge; and the '704 Patent, which Google unsuccessfully challenged in IPR during the stay, and for which all claims have been affirmed as not invalid by the PTAB. Given this status, there is no reason to further delay the trial on Google's search functionality and cloud offerings.

Every day of delay in these proceedings is a day in which the evidentiary record is at risk of being further degraded. This was brought into stark contrast by the extraordinary efforts that were necessary to obtain conception and reduction to practice materials for the '704 Patent during the Google IPR challenges. During that process, materials disappeared from an archived website of the target of a subpoena, Micro Focus. This motion is thus not just about the desire of all plaintiffs to progress cases promptly. This motion directly connects to the due process implications of indefinite stays involving patents that were created many years ago. Despite Google's claims, due process rights do not disappear simply because Valtrus was selected by Hewlett Packard Enterprises to enforce a substantial portion of its portfolio.

Google argues for maintaining the stay because: (1) Google might appeal the IPR it lost against the '704 Patent; and (2) Google recently recycled its failed validity challenges against the '809 Patent by secretly filing a last-minute, *ex parte* reexamination (EPR) on some (claims 1–17)

but not all of the asserted claims. This EPR is of such little practical relevance that Google never once disclosed its existence in the extensive meet and confers on this motion, preferring to use it as a tool in a game it is playing to avoid facing legal process. In Google's view, there is no limit to the number of EPRs that it could to file to delay the case indefinitely.

Regardless of the outcome of the EPR, the unchallenged claims (18–20) of the '809 Patent and all of the asserted claims of the '604 Patent will need to be adjudicated in this Court. Both of the accused products—Google cloud computing and Google search—will thus be tried for infringement under any scenario: the '604 Patent is infringed by Google search and claims 18–20 of the '809 Patent are infringed by Google's cloud computing. Neither the appeal of its failed IPR nor the pending EPR warrant continuing the stay in this case. These open-ended proceedings have no time limit and are statistically unlikely to result in reversal or all claims being cancelled.

## II.     ARGUMENT

There is no collateral proceeding that could simplify issues for the '604 Patent or for claims 18–20 of the '809 Patent. For the remaining claims, the Federal Circuit is overwhelmingly likely (83.3%) to affirm the Board's decision on the '704 Patent, and the EPR of claims 1–17 of the '809 is very likely (84.8%) to result in claims surviving.[1] Google's promises of simplification are speculation around the margins and do not outweigh the prejudice of continuing to deny Valtrus its day in court indefinitely. All of the relevant factors—simplification, lack of prejudice, and the stage of litigation—collectively weigh in favor of lifting the stay.

---

[1] *See Special Report: Trends in Federal Circuit PTAB Appeals Through 2023*, Finnegan: At the PTAB Blog (Apr. 19, 2024), https://www.finnegan.com/en/insights/blogs/at-the-ptab-blog/special-report-trends-in-federal-circuit-ptab-appeals-through-2023.html (reporting on the "historic high" of an "overall affirmance rate (for every appealed issue)" of "83.3% in 2023"); U.S. Patent & Trademark Office, *Ex Parte Reexamination Filing Data* (Sept. 30, 2023), https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_.pdf.

### A. Google's Secret, Last-Minute *Ex Parte* Reexamination Apparently Filed to Manufacture a Reason to Further Delay the Case Is Unlikely to Simplify Issues

Google touts its latest attack on the '809 Patent—an EPR Google initiated just weeks before the last decisions were due from the PTAB and well over a year after the PTAB declined to institute an IPR on the '809 Patent—as justifying an indefinite stay. While Google repeatedly represents that its EPR "challenges all of the claims in the '809 patent" (Opp. Br. 4, 20), that is false. The EPR addresses only claims 1–17 of the '809 Patent. D.I. 189, Ex. A-1, App. 24–25. Claims 18–20 remain asserted and unchallenged. "Granting a stay would create a long delay of this case for little simplification wherein a trial would still be needed to resolve other claims." *Luminati Networks Ltd. v. NetNut Ltd.*, 2021 WL 3128654, at *4 (E.D. Tex. July 23, 2021).

Google insinuates that Valtrus hid the EPR from the Court. Opp. Br. 3–4 & n.1. But Google served its EPR request only on the prior owner of the '809 Patent, not Valtrus. D.I 189, Ex. A-1, App. 9 (acknowledging Valtrus as Patent Owner), 21 (but serving HPE). And despite providing a courtesy copy of its prior '809 IPR petition to Valtrus's litigation counsel, Google chose not to do so with the '809 EPR. Neither Valtrus nor its counsel ever received notice of Google's new proceeding. Despite relying in opposition on this EPR as a primary basis for continuing the stay, Google neither mentioned the EPR during the meet and confer for this motion nor in any related email correspondence, and never notified this Court of its EPR request prior to filing its opposition brief. Br. 3–4; Opp. Br. 7–9; D.I. 182-3, Ex. 1, App. 1–4; D.I. 189, Ex. A-4, App. 158–63. The Court should not reward this course of action, especially given Google's substantial delay in requesting EPR. *E.g.*, *Longhorn HD LLC v. NetScout Sys, Inc.*, 2022 WL 71652, at *2 (E.D. Tex. Jan. 6, 2022) (nine-month delay seeking EPR was a "substantial waste of resources" and declining to stay after failed IPR). Google's delay (over a year after its IPR petition was denied and over two years after this case was filed) and strategic decision to hide its filing warrants an inference that it

was seeking an improper tactical advantage. *See Applications in Internet Time, LLC v. Salesforce, Inc.*, 2023 WL 2465805, \*2 (D. Nev. Mar. 10, 2023) ("A request for reexamination made well after the onset of litigation followed by a subsequent request to stay may lead to an inference that the moving party is seeking an inappropriate tactical advantage.") (citations omitted); *Cronos Techs., LLC v. Expedia, Inc.*, 2016 WL 1089752, at \*2 (D. Del. Mar. 21, 2016) (same).

Moreover, the EPR creates little chance of simplification. Although third-party EPRs are routinely initiated (92.3%), the majority (84.8%) result in claims surviving EPR in some form. *See* Note 1, *supra*. And the estoppel that simplifies defendant's validity defenses in district court after failed IPRs does not apply to EPRs. *E.g.*, *KIPB LLC v. Samsung Elecs. Co.*, 2019 WL 6173365, at \*2 (E.D. Tex. Nov. 20, 2019) (Without estoppel, "ex parte reexamination proceedings … are even less likely to result in simplification of the issues."). EPR proceedings also last, on average, over two years, but have no time limit and are followed by years of unbounded appeals to the PTAB and then to the Federal Circuit. Opp. Br. 4 & n.1; *Longhorn,* 2022 WL 71652, at \*2 (noting the risk of staying pending "un-ending" EPRs); *MacroSolve, Inc. v. Antenna Software, Inc.*, 2013 WL 7760889, at \*1 (E.D. Tex. Aug. 30, 2013) ("reexamination does not end even if the examiner rejects the claims" given subsequent appeals, which take "years to conclude."); *TPK Touch Sols., Inc. v. Wintek Electro-Optics Corp.*, 2013 WL 5289015, at \*2 (N.D. Cal. Sept. 18, 2013) (similar).

Unsurprisingly, Courts routinely deny stay requests pending EPR (including after IPR) because of the lack of simplification and the high prejudice due to delay. *E.g.*, *G.W. Lisk Co v. Power Packer N.A., Inc.*, 591 F. Supp. 3d 391, 395–97 (S.D. Iowa 2022) (criticizing the late EPR request after a failed IPR and denying stay for lack of simplification); *AIT,* 2023 WL 2465805, at \*3 (EPR stay "'will not simplify the issues for trial' due to lack of estoppel and 'the small chance that all the patents will fail … does not outweigh the prejudice that Plaintiffs face in waiting to

adjudicate the remaining claims.'"); *TPK Touch Sols.*, 2013 WL 5289015, at *2–3 (similar); *Luminati Networks*, 2021 WL 3128654, at *3–4 (denying stay due to the "low probability" of simplification "[u]nless every claim ends up cancelled" because "patent issues" and "invalidity defense[s]" "will remain in the case"); *Longhorn HD*, 2022 WL 71652, at *2 ("[U]nlike an IPR, there is no timeline for the duration of an EPR."); *Knauf Insulation, LLC v. Johns Manville Corp.*, 2023 WL 1069869, at *3 (S.D. Ind. Jan. 27, 2023) (Simplification "odds" are a "gamble" and "unknowable," even if claims change somewhat); *Eon Corp. IP Holdings, LLC v. Sensus USA Inc.*, 2009 WL 9506927, at *3 (E.D. Tex. Dec. 18, 2009). While "[s]ome of the claims may change," "the interests of justice will be better served by dealing with that contingency when and if it occurs, rather than putting this case indefinitely on hold." *Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 663 (E.D. Tex. 2005); *G.W. Lisk*, 591 F. Supp. 3d at 396–97 (Even if some claims might be invalidated, "a stay is generally unwarranted.").[2]

Google posits that the '809 Patent EPR could simplify issues related to claim construction regarding hardware counters. Opp. Br. 20–21. This is a make-weight argument. In its EPR request, Google maintained that no claim term requires construction and did not propose a construction for "hardware based utilization metering device" or "counter." D.I. 189, Ex. A-2, App. 37, 44, 48–49, 74–75, 77–79, 95–96, 106–115. The most likely outcome is that the examiner will not address this

---

[2] Google's two cases are easily distinguishable. *Polaris PowerLED Techs., LLC v. Dell Techs. Inc.*, 2023 WL 5282381 (W.D. Tex. Aug. 15, 2023), did not have a prior multi-year stay pending IPR that greatly increased the prejudice, and, even then, the magistrate noted that reexamination was granted on all of the asserted claims, which is not the case here. *Id.* at *3. And in *In re Corel Software, LLC*, 778 F. App'x 951, 954 (Fed. Cir. 2019), the Federal Circuit found only that it could not "second-guess" the district court's decision under the abuse of discretion standard. *Id.* at 953. And unlike here, the renewed stay pending reexamination was based on newly asserted claims brought into the case after the IPRs concluded. *Id*. In both cases, also unlike here, the defendants promptly sought reexamination. *Polaris PowerLED Techs.,* 2023 WL 5282381 at *1 (reexamination filed within months of case filing); *Corel Software,* 778 F. App'x at 953 (defendant filed "soon after receiving" amended contentions with the new claims).

issue at all. Google also mischaracterizes Valtrus's position as Valtrus accuses Google's hardware-based counters that interact with software. That issue was fully briefed to this Court long before Google filed its belated EPR. D.I. 132, Valtrus CC Br. at 21–22 (Sept. 8, 2022); D.I. 151, Google Resp. CC Br. at 20–22 (Sept. 23, 2022); D.I. 158, Valtrus Reply CC Br. at 11 (Oct. 3, 2022).

### B. Google Has Not Identified Any Likely Simplification for the '704 Patent

Even if Google appeals the PTAB's '704 Patent decision, that appeal offers only "the mere *possibility*" of reversal; any resulting "simplification is too speculative to be given much weight." *IOENGINE , LLC v. PayPal Holdings, Inc.*, 2020 WL 6270776, at *5, *7 (D. Del. Oct. 26, 2020); *ACQIS, LLC v. EMC Corp.*, 2016 WL 4250245, at *3 (D. Mass. Aug. 10, 2016) (appeal is "unlikely to simplify this action" more than "IPRs"). Recent statistics show an 83.3% IPR affirmance. *See* Note 1, *supra*. Google effectively concedes the high affirmance rate. Opp. Br. 19.

Although Google "intends" to appeal with a "potential" for reversal, the only purported simplification is the Federal Circuit's "de novo review of the PTAB's claim construction" related to the "scoring function." Opp. Br. 17–19. But there is no "claim construction" in the IPR to appeal because Google never proposed a construction for the "scoring function" term. On the contrary, Google expressly waived claim construction. *E.g.*, Ex. 13, App. 2 ("[Google] does not believe that the Petition presents an issue of claim construction for the prior art presented in the Grounds."). The Board thus did not construe any terms. D.I. 182-3, Ex. 3, App. 42 ("No claim terms require construction to resolve the controversy before us."). It is not clear how the Federal Circuit would even reach this issue, rather than finding Google's argument forfeited, waived, and irrelevant.[3]

---

[3] Unlike here, most of Google's cited cases (Opp. Br. 17–19) involved IPR or appellate challenges to all of the asserted patents. *See Baxter Healthcare Corp. v. Becton, Dickinson & Co.*, 2021 WL 22553, at *3 (S.D. Cal. Jan. 4, 2021); *Cellwitch Inc. v. Tile, Inc.*, 2021 WL 9145413, at *3 (N.D. Cal. Oct. 8, 2021); *MemoryWeb, LLC v. Apple, Inc.*, 2023 WL 8006852, at *1 (N.D. Cal. Nov. 16, 2023); *Realtime Data LLC v. Silver Peak Sys., Inc.*, 2018 WL 3744223, at *1–2 (N.D. Cal. Aug. 7, 2018); *Parallax Grp. Int'l, LLC v. Incstores LLC*, 2021 WL 3508231, at

**C. Maintaining the Stay Indefinitely Will Unduly Prejudice Valtrus and Only Benefit Google with Years of Tactical Advantage**

Stacking an open-ended stay on top of a multi-year IPR stay is inherently prejudicial, both by exponentially increasing the risks of faded memories and lost evidence and by denying Valtrus its day in court. These are recognized *inherent* risks to open-ended stays pending EPR and appeal. *E.g.*, *AIT,* 2023 WL 2465805, at *2–3 (inherent prejudice for stay pending EPR for non-practicing entities); *Cronos Techs., LLC v. Expedia, Inc.*, 2016 WL 1089752, at *2 (recognizing "inherent prejudice" to NPE plaintiff in "prolonging" final resolution) (citations omitted); *MacroSolve,* 2013 WL 7760889, at *1 (EPR stays create "inherent risks of witnesses becoming unavailable, memories fading, or evidence being lost while these proceedings take place.").**4**

First, evidentiary loss has already occurred here. Google's witnesses already testified, roughly two years ago, about the fading memories and the risk of missing evidence. Br. 8; D.I. 173 at 10–11; D.I. 174, Exs. 2–5, App. 34–35, 40–41, 46, 50. Google does not dispute this testimony

---

*1 (C.D. Cal. May 12, 2021). In two cases, the plaintiff had not opposed the initial stay. *See Baxter Healthcare*, 2021 WL 22553, at *2–4; *Realtime Data LLC*, 2018 WL 3744223, at *1. In *Masimo* and unlike here, the original stay was "through the Federal Circuit's decision on the PTAB's IPR decisions" and the extension was for the Federal Circuit's "short," "month and a half" reconsideration in a *petition for rehearing*. *Masimo Corp. v. Apple Inc.*, 2024 WL 751008, at *2–3 (C.D. Cal. Feb. 16, 2024). *DivX* involved 13 patents across three cases, greatly increasing the possibility of "simplify[ing] the issues in [the] cases" for almost all of the asserted patents. *DivX, LLC v. Netflix, Inc.*, 2022 WL 1208167, at *5 (C.D. Cal. Mar. 29, 2022).

**4** *See UNM Rainforest Innov. v. D-Link Corp.,* 2023 WL 2706748, at *3 (W.D. Tex. Mar. 29, 2023) (similar for appeal); *Smart Modular Techs., Inc. v. Netlist, Inc.*, 2016 WL 5159524, at *3 (E.D. Cal. Sept. 21, 2016) (similar); *Allvoice Devs. US, LLC v. Microsoft Corp.*, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (similar); *Harris Corp. v. Ruckus Wireless, Inc.*, 2014 U.S. Dist. LEXIS 184577, at *6 (M.D. Fla. Oct. 1, 2014) (prejudice for three years). Most of Google's cases (Opp. Br. 13–14) were not addressing *lifting* a stay, but an initial stay request on all asserted patents. *Blephex LLC v. Pain Point Med. Sys. Inc.,* 2016 WL 7839343, at *1 (N.D. Tex. Nov. 3, 2016); *Clinicomp Int'l, Inc. v. Cerner Corp.*, 2018 WL 5617694, at *1, *5 (S.D. Cal. Oct. 30, 2018); *Sorensen v. Black & Decker Corp.*, 2007 WL 2696590, at *3–4 (S.D. Cal. Sept. 10, 2007); *Micrografx, LLC v. Google, Inc.*, 2014 WL 12580455, at *1 (N.D. Tex. July 9, 2014). The two cases involving lifting a stay involved only one patent (*Cellwitch*, 2021 WL 9145413, at *1, *3–4) or lacked an explanation of prejudice (*DivX,* 2022 WL 1208167, at *6).

or that its witnesses admitted that code deletion was "possible" (despite Google's alleged versioning safeguards). Opp. Br. 15–16. Instead, Google views its witnesses' fading memories about source code as "reasonable" for non-corporate designees. *Id.* But reasonable or not, the prejudice from witnesses' fading memories is the ever-diminishing ability to test the testimony of an opponent's corporate designee with the memory of its other employees and documents.

The significant prejudice from lost evidence came to light during the IPRs in connection with evidence of the '704 Patent inventors' prior conception and reduction to practice. The '704 Patent was filed in August of 2001. Google relied on purported prior art dated from merely weeks before, from July of 2001. But the '704 Patent was conceived by the inventors **before** July 2001, as demonstrated by the dates in the related Verity K2 software they were developing at that time, and thus Google's prior art was not actually prior art. The Verity K2 software code and related websites corroborating this prior invention were exclusively in the possession of Micro Focus (now OpenText). D.I. 182-3, Ex. 5, App. 82–98 (IPR2022-01497, Ex. 2030) (listing archives of Verity-related webpages describing "K2" source code no longer available). After discovery was authorized in the IPR (over Google's vigorous opposition), Micro Focus denied still having possession of this information. *See* Ex. 14, App. 3–4 ("the 2006 code was all that Micro Focus was able to locate"). Google suggests that these records might "never [have] existed." Opp. Br. 16. Yet public documentation showed Micro Focus Verity K2 files were disappearing in real time. *See* D.I. 182-3, Ex. 4, App.76–81 (Jan. 2023 screenshot of Micro Focus website describing Verity K2 software that is no longer available); Ex. 5, App. 82–98 (listing additional unavailable Verity K2-related sites). Contrary to Google's argument that Valtrus should have sought out this information earlier (Opp. Br. 16), this evidence became necessary when Google relied on prior art dated merely weeks prior to the filing date of the '704 Patent.

Second, Google also does not dispute "the strong public policy favoring expeditious resolution of litigation" and "a plaintiff's interest in timely enforcement of a patent." *Kahn v. GMC*, 889 F.2d 1078, 1080 (Fed. Cir. 1989); *Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, 2015 WL 11439060, at *5 (E.D. Tex. Jan. 5, 2015) (collecting cases); *see Pers. Audio LLC v. Google, Inc.*, 230 F. Supp. 3d 623, 627 (E.D. Tex. 2017) (13-month stay plus appeals "would unduly deprive [the plaintiff] of timely enforcement of its rights."). For example, in *B.E. Tech., LLC v. Twitter, Inc.*, 2023 WL 3478567, at *3 (D. Del. May 16, 2023), the court acknowledged that "Plaintiff has already suffered from delay in its ability to have its allegations of patent infringement adjudicated in this Court" especially where, as here, "the relevant decision being appealed favors Plaintiff" and the Plaintiff already agreed to narrow its case to the "unscathed" claims. *Id.*

In opposition, Google argues that there is no prejudice to Valtrus because the Court previously found that Valtrus is not a competitor, does not practice the asserted and now expired patents, and has not sought an injunction. Opp. Br. 13. But the prejudice to non-practicing, non-competing entities at the end of an IPR is "stronger now than it was when the stay was initially sought." *IOENGINE,* 2020 WL 6270776, at *3; *Papst Licensing GmbH & Co., KG v. Apple, Inc.*, 2018 WL 3656491, at *2 (E.D. Tex. Aug. 1, 2018) (similar for "a patent licensing entity"); *KIPB*, 2019 WL 6173365, at *3 (NPE "still has an interest in the timely enforcement of its patents."); *Longhorn,* 2022 WL 71652, at *2 n.3 (delaying patent assertion entity's lawsuit is "far from non-prejudicial"). And even though "the patent[s] expired," "the risk of evidentiary prejudice" and "delayed recovery … demonstrate undue prejudice." *Puget Bioventures, LLC v. Biomet Orthopedics, LLC*, 2017 WL 3484744, at *4 (N.D. Ind. Aug. 14, 2017) (rejecting potential 3-year stay for expired patent); *MLC Intellectual Property, LLC v. Micron Tech., Inc.*, 2016 WL 9175599 (N.D. Cal. Mar. 29, 2016) (rejecting extending stay for even rehearing for expired patent on similar

argument); *Dermafocus LLC v. Ulthera, Inc.*, 2018 WL 5113960, at *3 (D. Del. Oct. 19, 2019) (four-year delay between IPR and appeal on confirmed IPR claims for expired patents "is a long time to continue to wait"). There is a risk that the jury may view older and now expired patents as increasingly less valuable or may apply improper hindsight due solely to the passage of time.

Finally, Google claims (without support) "tremendous" prejudice for being "forced to expend substantial resources" on claims that "may" be cancelled. Opp. 14. But prejudice is evaluated for the original ***non-moving*** party, *i.e.*, Valtrus. *See IOENGINE,* 2020 WL 6270776, at *3. There is also no prejudice to Google from litigating its infringement of patents Google has tried and failed to invalidate, especially with no pending validity challenges against the '604 Patent or claims 18–20 of the '809 Patent, which will have to be adjudicated.

### D. Google Ignores its Own Case Law that the Litigation-Stage Factor Cannot Weigh Against Lifting a Stay

Google's argument regarding the litigation-stage factor repeats the Court's original stay order without responding to Valtrus's arguments or case law. Opp. Br. 21–22 (citing D.I. 179, Order at 4); Br. 11. Google also ignores its own cited case law (Opp. Br. 14, 17–19) and similar cases holding that the litigation-stage factor "should not weigh against lifting the stays, because otherwise the justification for maintaining the stays—based on the lack of progress in the cases due to the stays themselves—would be circular." *DivX,* 2022 WL 1208167, at *4; *see MasterObjects, Inc. v. eBay, Inc.*, 2018 WL 11353751, at *2 (N.D. Cal. Nov. 7, 2018) ("[T]he existence of a stay … does not justify its perpetuation."). This Court is "capable of making adjustments to the scope of the case … to accommodate any decision the Federal Circuit [or EPR] renders." *Oyster Optics, LLC v. Ciena Corp.*, 2019 WL 4729468, at *2 (N.D. Cal. Sept. 23, 2019).

### III. CONCLUSION

For all of the above reasons, the Court should lift the stay.

May 31, 2024                                      Respectfully submitted,


                                                  By: /s/ *Jon B. Hyland*

                                                  Jon B. Hyland (State Bar No. 24046131)
                                                  **HILGERS GRABEN**
                                                  10000 N. Central Expressway, Suite 400
                                                  Dallas, Texas 75231
                                                  Phone:   (972) 645-7728
                                                  E-mail:  jhyland@hilgersgraben.com

                                                  Jason Sheasby (admitted *pro hac vice*)
                                                  Amy E. Proctor (admitted *pro hac vice*)
                                                  Connor He-Schaefer (admitted *pro hac vice*)
                                                  **IRELL & MANELLA LLP**
                                                  1800 Avenue of the Stars, Suite 900
                                                  Los Angeles, California 90067
                                                  Phone:   (310) 277-1010
                                                  E-mail:  jsheasby@irell.com
                                                  E-mail:  aproctor@irell.com
                                                  E-mail:  che-schaefer@irell.com

                                                  **COUNSEL FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

      This is to certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on this the 31st day of May, 2024.

                                                 */s/ Jon B. Hyland*