# LYNN PINKER HURST SCHWEGMANN

| | |
|---|---|
| **MICHAEL K. HURST** | Lynn Pinker Hurst & Schwegmann, LLP |
| *Partner* | 2100 Ross Avenue |
| *Board Certified – Civil Trial Law* | Suite 2700 |
| *Texas Board of Legal Specialization* | Dallas, Texas 75201 |
| | **lynnllp.com** |
| D 214 981 3838 | |
| F 214 981 3839 | |
| mhurst@lynnllp.com | |

June 6, 2024

**VIA EFILE**
Hon. David C. Godbey
Chief United States District Judge
United States District Court for the Northern District of Texas
1100 Commerce Street
Dallas, Texas 75242

      ***Re:    Valtrus Innovations, Ltd. v. Google LLC; Civil Action No. 3:22-cv-00066-N***

Dear Judge Godbey:

      Google provides this brief letter to address a factual error in Plaintiff Valtrus Innovation Ltd.'s Reply in Support of its Opposed Motion to Lift the Stay Pending *Inter Partes* Review. Dkt. 193. In its Reply, Valtrus states that Google filed a "secret" *ex parte* reexamination ("EPR") that Google "hid" from Valtrus. *Id.*, 1, 3. This is incorrect. Google publicly filed the '809 EPR. That EPR, like all EPRs, was (and remains) publicly available. Google served the EPR on the Patent Owners at the correspondence address in the patent file maintained at the U.S. Patent and Trademark Office as required by 37 CFR 1.33(c) and 37 CFR 1.510(b)(5). Dkt. 191, Ex. A-1, at App. 24-25. That correspondence address is Hewlett Packard Enterprise, 3404 E. Harmony Road, Mail Stop 79, Fort Collins, CO 80528. To the extent Valtrus did not receive notice of the EPR through service, that presumably is due to its failure to update the address of record or arrange for the owner of record to send notices to Valtrus. In any event, whether or not Valtrus received notice of the EPR has no impact regarding the likely case narrowing from the EPR as discussed in Google's Opposition. Dkt. 191, 20-21.

      Very truly yours,

Michael K. Hurst

MKH:gf

*Copies To:*

      Counsel of Record (via EFile)