IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VALTRUS INNOVATIONS LTD.,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Civil Action No. 3:22-cv-00066 |

### REPLY ISO DEFENDANT GOOGLE LLC'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT AND MOTION TO CONSOLIDATE AND REQUEST FOR EXPEDITED RELIEF

Valtrus indicates that Google's Motion should not have been filed as "opposed." To the extent this means Plaintiff now does not oppose Google's requested two week extension to January 22 to Plaintiff's Motion to Amend its Complaint (Dkt. 206) and Motion to Consolidate (Dkt. 207), without the unreasonable conditions noted in Google's Motion, Google welcomes this development. Regardless, Google's Motion for Extension should be granted for the reasons stated in its Motion. Google was also forced to file on Christmas Eve a similar Motion for Extension in Valtrus's duplicative case (*Valtrus II*) pending before Judge Scholder, which has been granted. *Valtrus Innovations Ltd et al v. Google LLC*, 24-cv-01795-S, Dkt. 33 (N.D. Tex., December 26, 2024).

Plaintiff's characterization of the parties' communications regarding Google's requested extensions, however, is a misrepresentation to the Court that requires correction. When Valtrus sent the email quoted in its brief on December 23,[1] Google attempted to confirm that it could file

---

[1] This email was not "a verbatim excerpt of Valtrus' position in response to Google when Google asked for an extension." Resp., 1. Valtrus initially "responded" to Google's request as part of a longer string of communications

1

its Motion as unopposed and noted that "yes, of course, we intend to be reasonable and provide professional courtesy as you have here going forward." Ex. B. But Valtrus responded cryptically, "[o]ur position is in Greg's email." Ex. B. Google then responded as follows, which Valtrus omits as well:

> We do not understand. We agreed to the compromise extension you offered. We have agreed to provide reasonable, professional courtesy for extensions in the future. To the extent that you are asking that Google agree that Valtrus will get a two week extension to the next two motions that Google files on any issue, on any subject matter, at any time, and regardless of urgency of need of resolution of said presently unknown motion, then Google cannot agree and will file an opposed motion seeking expedited relief noting your unreasonable position.

*Id.* At no time before Google filed the next evening did Valtrus indicate Google misinterpreted Valtrus's position. Since Valtrus was not just seeking agreement that Google would be reasonable and extend the same professional courtesy sought in Google's extension, Google could not agree to Valtrus's proposal. So Google filed its motion as opposed, just as it said it would. While Valtrus now says "Google already stated that it was going to bring motions to stay and transfer, in an attempt to add months if not years to this case" (Resp. 2), as is clear from even the email Valtrus quotes in its response, its conditions were not tied to these specific motions, which is exactly the concern Google expressed to Valtrus that was left unanswered before Google filed its Motion.

      Google's Motion should be granted.[2]

---

before, and not part of, the email quoted in Valtrus's brief. *See* Exhibit A. In this email string, which Valtrus omits, Valtrus expressed its position, which Google also confirmed by phone, just as Google recited it in its Motion. *Id.* It was after Google sought further clarification of Valtrus's position in this string (*id.* at 2-3) that Valtrus sent the email cited in its Motion.

[2] Google does not separately respond to Valtrus's characterizations of the case and its history, which are addressed in the parties' Amended Initial Case Management Statement (Dkt. 210, 19-23, 24-25) and have no relevance to Google's request for extensions over the holidays.

| | |
|---|---|
| DATE: December 27, 2024 | Respectfully submitted,<br><br>/s/ *Michael K. Hurst*<br>Michael K. Hurst<br>mhurst@lynnllp.com<br>Texas Bar No. 10316310<br>Julia Simon<br>jsimon@lynnllp.com<br>Texas Bar No. 00784970<br>Joshua D. Lang<br>jlang@lynnllp.com<br>Texas Bar No. 24109450<br>Chelsea A. Till<br>Texas Bar No. 24115858<br>ctill@lynnllp.com<br>LYNN PINKER HURST &<br>SCHWEGMANN LLP<br>2100 Ross Avenue, Suite 2700<br>Dallas, Texas 75201<br>(214) 981-3800 (Telephone)<br>(214) 981-3839 (Facsimile)<br><br>David A. Perlson<br>Antonio Sistos<br>Michael Trombetta<br>Elle Wang<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>50 California Street, 22nd Floor<br>San Francisco, CA 94111<br>415-875-6600 (Telephone)<br>415-875-6700 (Facsimile)<br><br>Deepa Acharya<br>Patrick Stafford<br>QUINN EMANUEL URQUHART &<br>SULLIVAN, LLP<br>1300 I Street, NW<br>Washington, DC 20005<br>202-538-8107 (Telephone)<br>202-538-8100 (Facsimile)<br><br>*ATTORNEYS FOR DEFENDANT GOOGLE LLC* |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 27, 2024, I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to counsel for all parties of record.

*/s/ Michael K. Hurst*